## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:16CR192 |
| | § | |
| SYED KALEEM RAZVI, | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, Ralph Imperato and Alamdar Hamdani, Assistant United States Attorneys, and Defendant Syed Kaleem Razvi ("Defendant"), and Defendant's counsel, pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.     The Defendant agrees to plead guilty to the Count One of the Indictment.  Count One charges the Defendant with Transmitting a Threat By Interstate Communications, in violation of Title 18, United States Code, Section 875(c). By entering this plea, the Defendant agrees to waive any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proved to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.     The **statutory** penalty for the violation of Count One is a term of incarceration which is not more than five (5) years, and a fine of up to $250,000.00. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than three (3) years.   Defendant acknowledges and understands that if Defendant should violate the conditions of any period of supervised release which may be imposed as part of the sentence, then Defendant may be imprisoned for the entire term of supervised release not to exceed three years, without credit for time already served on the term of supervised release prior to such violation. *See* 18 U.S.C. §§ 3559(a) and 3583(e). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he/she eligible for parole.

## Mandatory Special Assessment

3.     Pursuant to 18 U.S.C. § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

**Cooperation**

5.      The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

6.    Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant.  Defendant understands that such information includes both state and federal offenses arising therefrom.  In that regard:

(a)    Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)    Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.  Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)    Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)    Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)    Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f)    Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains

bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

## Waiver of Appeal and Collateral Review

7.    Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.    Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

8.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a

prediction and not a promise, did not induce his/her guilty plea, and is not binding

on the United States, the Probation Office or the Court. The United States does not

make any promise or representation concerning what sentence the defendant will

receive. Defendant further understands and agrees that the United States Sentencing

Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543

U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must

consult the Sentencing Guidelines and must take them into account when sentencing

Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence

Defendant within the calculated guideline range.

9.     Defendant understands and agrees that each and all waivers contained

in the Agreement are made in exchange for the concessions made by the United

States in this plea agreement.

### The United States' Agreement

10.     The United States agrees to each of the following:

(a)     If Defendant pleads guilty to Count One of the indictment and
persists in that plea through sentencing, and if the Court accepts
this plea agreement, the United States agrees to not charge the
Defendant with additional crimes related to this offense;

(b)     At the time of sentencing, the United States agrees not to oppose
Defendant's anticipated request to the Court and the United
States Probation Office that he/she receive a two (2) level
downward adjustment pursuant to section 3E1.1(a) of the United
States Sentencing Guidelines, should Defendant accept
responsibility as contemplated by the Sentencing Guidelines;

(c)     If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his/her role in the offense (if Defendant's offense level is 16 or greater); and

(d)     The Government agrees to recommend the low end of the guideline range.

### Agreement Binding - Southern District of Texas Only

11.     The United States agrees that it will not further criminally prosecute the Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney or any other unit of the Department of Justice.  The United States will bring this plea agreement and the full extent of Defendant's cooperation, if any, to the attention of other prosecuting offices if requested.

### The United States' Non-Waiver of Appeal

12.     The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines.  Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and 18 U.S.C.§ 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.     Defendant is aware that his/her sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of 18 U.S.C. § 3553.  Defendant nonetheless acknowledges and agrees that the Court has the authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone,

withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Defendant's Rights

14.    Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, the Defendant could require their attendance through the subpoena power of the court.

(c)    At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, Defendant could testify on his own behalf.

**Factual Basis for Guilty Plea**

15.     Defendant is pleading guilty because he/she <u>is</u> guilty of the charges
contained in Count One of the Indictment.  If this case were to proceed to trial, the
United States could prove each element of the offense beyond a reasonable doubt.
Defendant understands and agrees that the following facts, among others, would be
offered to establish the Defendant's guilt:

On or about June 8, 2015, in the Southern District of Texas, the Defendant
did knowingly and willfully transmit an email that went through interstate
commerce, namely it went to a Microsoft server in California, and then was sent to
the final recipients, Greg Herbert a director in the Texas Attorney General's Office,
Child Support Division in Texas, as well as to a myriad of employees at Texas state
agencies. The email, with the subject line "Tell Atty General of Texas this," stated
the following:

> US treasury has been steeling my money because of Attorney General the
> mother fucker bastard who has legalized robbing me for the support of my
> own children. This department and all legal departments are satanic agents
> of "The Great Satan" America. YOU MUST STOP THIS BRUTAL
> DIABOLICAL ISM or I will get up in arms against you all. I wish God burn
> your houses and burn the bodies of your own children and yourself. STOP
> LOOTING ME YOU MOTHER FUCKING BASTARD AMERICANS. I
> am getting sick and tired of your FASCISM. STOP STOP STOP. You are
> fucking with an innocent. You heedless baboons and Judaic Christian infidel
> bastards and mother fuckers. RETURN MY MONEY OR FACE
> TERRORISM! FUCKS TO ALL OF YOU!!!!  STOP the Great Satanic
> Treasury immediately!!!!!!!

You are robbing my wages, my 401k, my found money, my taxes, what the fuck has gone into you tyrants. When this reign of terror will stop? Why are you not accepting my proves that I have paid my X bitch the child support. Just because she says I never paid herr child support and you listened to her. Atty General must have slept with that apostate bitch for bribary. Send me a proof that I did not pay Child Support. If kids are there in the world because of me then give them to me. You are all infidels and forces of Pharoah and hitler. Well Hitler seems a holy person after what you are doing. I prefer death over this brutal Great Satanic robbery that you rob my all income sources. I you are NOT involved then provide me the justice I am the aggrieved. Why that X bitch did not complain before? Where the fuck was she for the past 6 years if I was not paying her child support. She con'd me and tricked me. Just because it was clearly stated that I could pay her directly. You all ruthless killers took away my TRS money. Is there any conscientious person in the USA (United Sluts of America)?????

Come to senses bastard mother fucking agents of Great Satan. STOP!

Syed Kaleem Razvi
281-703-4069

The Defendant sent the message for the purpose of issuing a threat to those who received it, and with knowledge that the above message would be viewed as a threat to those who received it.

## Breach of Plea Agreement

16.    If the Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. Defendant agrees that he/she breaches the plea agreement if Defendant knowingly

withholds evidence, or if Defendant is not completely truthful with the United States. In that event, the United States may move the Court to set aside the guilty plea and reinstate prosecution. Furthermore, any and all information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

17.    This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he/she will make a full and complete disclosure of all assets over which he/she exercises direct or indirect control, or in which he/she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he/she has an interest, unless Defendant obtains the prior written permission of the United States.

18.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant

agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

19.     Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

20.     Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

21. Defendant stipulates and agrees that the property listed in the Indictment's Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and Defendant agrees to the forfeiture of that property.

22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.   Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.  Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

26.   This written plea agreement, consisting of 17 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been

made against him and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

27.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _10-3-16_, 2016.

_[signature]_

Syed Kaleem Razvi
Defendant

Subscribed and sworn to before me on _October 3_, 2016.

DAVID J. BRADLEY
UNITED STATES DISTRICT CLERK

By: _[signature]_

Deputy United States District Clerk


APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF TEXAS

By: _Ralph Imperato*_            _[signature]_

Ralph Imperato                  Zaheed Zaidi
Assistant United States Attorney   Counsel for the Defendant

By: _[signature]_

Alamdar Hamdani
Assistant United States Attorney

*by designation - att

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:16CR192 |
| | § | |
| SYED KALEEM RAZVI, | § | |
| Defendant | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the U.S. Sentencing Guidelines Manual and Policy Statements, and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     10/03/2016
Zaheed Zaidi                        Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the U.S. Sentencing Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement, and I voluntarily agree to its terms.

_____     10 – 3 – 16
Syed Kaleem Razvi                   Date
Defendant

Page **17** of **17**